WILLIAM H. BROCKWAY v. WILLIAM P. INNES.

*Stockholders—Labor debts.*

An assistant chief engineer of a railroad company is not a "laborer" within the meaning of the constitutional and statutory provisions making stockholders liable for the labor debts of the corporation.

Error to Calhoun. Submitted June 7. Decided June 11.

ASSUMPSIT. Defendant brings error.

*Isaac M. Crane* and *E. W. Meddaugh* for plaintiff in error. The services of an assistant chief engineer are not within the meaning of the word "labor" in Constitution, Art. XV., § 7, and Comp. L., § 2308. See *Boutwell v. Townsend*, 37 Barb., 205; *Harrod v. Hamer*, 32 Wis., 162; *Hovey v. Ten Broeck*, 3 Robert., 316; *Coffin v. Reynolds*, 37 N. Y., 640; *Aikin v. Wasson*, 24 N. Y., 482; *Ericsson v. Brown*, 38 Barb., 390; *Wentroth's Appeal*, 83 Penn. St., 469; *Penn. R. R. v. Leuffer*, 84 Penn. St., 168; 17 Amer. L. Reg., 102.

*R. A. Parker* and *Ashley Pond* for defendant in error. The constitutional liability of stockholders for labor debts of the corporation should be strictly construed, *Bailey v. Bancker*, 3 Hill, 188; *Allen v. Sewall*, 2 Wend., 327; it applies to engineers, master mechanics, conductors and civil engineers, the secretary of a corporation, and an editor and reporter, *Conant v. Van Schaick*, 24 Barb., 87; *Richardson v. Abendroth*, 43 Barb., 162; *Williamson v. Wadsworth*, 49 Barb., 296; *Herries v. Norvell*, 17 Amer. L. Reg., 97.

CAMPBELL, C. J. Innes sued Brockway, who was a stockholder in the Amboy, Lansing & Traverse Bay Railroad, for what he claimed to be a debt for labor performed for that company.

The plaintiff below was assistant chief engineer of

the road. It is claimed by plaintiff in error that the exceptional liability provided by the Constitution and statutes against corporation stockholders for "labor performed for such corporation" does not include such services as those of Innes.

We think this objection is well taken. The Constitution evidently intended to protect those persons who most needed protection and who would be most likely to suffer without it. No doubt the term "labor" in some extended senses will include every possible human exertion, mental and physical, and in that broad signification it would be hard to find any case which would not come within the law. But inasmuch as the provision is manifestly designed to be exceptional, we must apply to it the ordinary meaning which is in common use, and which it must be presumed the people understood when they voted on the Constitution. Doubtless the precise line between what is commonly called labor, and other employment cannot be drawn with absolute precision. But we feel very sure that the position of an assistant chief engineer would never have been classed as that of a laborer, nor his work as labor in the popular sense. It is mostly direction and scientific work, involving much more superintendence than personal exertion in manual labor. He is chosen for his knowledge and not for his muscular capacity, in which latter quality he may or may not be eminent.

We can get little aid from authority on any such question. It is not to be decided upon verbal niceties or far-fetched reasoning. We are bound to construe the provision as the ordinary meaning of language would define it, and no extended argument can make it plainer than the words themselves. In our opinion the provision is not ambiguous as applicable to such an employment as that of the plaintiff below.

Judgment must be reversed with costs of both courts.

The other Justices concurred.