†WM. S. GREEN v. WELLER, ASSIGNEE OF TIFFIN NAIL CO.

SECRETARY OF INSOLVENT COMPANY NOT AN OPERATIVE ENTITLED TO PREFERENCE IN
    DISTRIBUTION.
The secretary of an incorporated manufacturing company is not an operative and is
    entitled to the preference over general creditors provided for in sec. 6355 Rev.
    Stat. Although, as such secretary he acted as manager, overseer and superintendent,
    and in so doing performed manual labor in packing and shipping for the concern,
    it would not change the rule.

Error to the Court of Common Pleas of Seneca county.

MOORE, J.

The Tiffin Nail Co., an insolvent corporation, on June 16, 1890, made an assignment for the benefit of its creditors to the defendant, Henry J. Weller.

That the plaintiff, from the time of the organization of the corporation to the time of its assignment, owned a large amount of its capital stock, and that he as well as the corporation is insolvent.

That the plaintiff, prior to the time of the assignment, was the duly elected and acting secretary of the organization at the fixed salary of $1,000 per year, and that on June 16, 1890, there was due the plaintiff for services rendered as such secretary within thirty days prior to June 14, 1890, the sum of $80.26.

That as such secretary the plaintiff acted as manager, overseer and superintendent in the sale, manufacture and shipment of nails, and in the carrying on of the business of the company, and in so doing performed manual labor in the sorting, packing, loading, billing and shipping nails for the company.

That on December 22, 1890, the plaintiff duly presented his claim for said service to the assignee, and asked its preference to the general creditors under sec. 6355 Rev. Stat. The assignee refused to so allow it, and upon hearing in the court of common pleas the court sustained the action of the assignee, holding that the plaintiff was not entitled to a preference over the general creditors of the insolvent corporation, and rendered its judgment accordingly.

It is now sought to reverse such judgment.

Sec. 6355 Rev. Stat. provides that "every person who shall have performed any labor as an operative in the service of the assignor, shall be entitled to receive out of the trust funds, before the payment of the other creditors, the full amount of the wages due to such persons for such labor performed within twelve months preceding the assignment, not exceeding three hundred dollars.

The only question to be determined is, whether the plaintiff was an operative as contemplated under the provision of the statute we have just read.

It is to be observed that the finding of the court below is, that the $86.20 is due the plaintiff as secretary; and although as such secretary he managed the business and assisted in packing, shipping, etc., it was either his duty so to do as secretary, or incidental thereto; so that the question is, whether the term "operative," as used in the statute, is intended to include an officer of the corporation—that is, the secretary.

---

†Cited in Davis v. Greenlee, 7 Ohio Circ. Dec., 111; Lowry in re, 7 Dec., 282, 283.

It is well to notice further that the language of the statute is "that every person who shall perform labor as an operative," etc.

The term operative means, "a workman; one employed to perform work for another." 17 Am. & Eng. Enc. of Law, 214.

Webster defines the word, "a laborer, artisan or workman in manufactories."

While we are not prepared to hold that the fair and liberal construction of the statute would limit the preference to the laborer, artisan or workman in the manufactory, we do say that the most liberal construction that a court would be authorized to place upon the statute, would not include within its provisions the secretary.

The secretary is an officer of the corporation elected by its directors, and as shown in the finding in this case, largely entrusted with, and having control of its business.

The legislature never contemplated or intended that a party—an officer of the corporation who aids in its management, and may thus contribute to its insolvency—should have a preference over the general creditors.

While the secretary performed labor for the corporation, in no sense can it be said that he performed it as an operative—as a laborer, artisan or workman.

The statute evidently intended to protect those wage-earners who would most likely suffer without such protection being extended; and not those—the officers of the corporation—whose position would enable them to contribute in bringing about the insolvency.

We might repeat what was said by Campbell, C. J., in Brockway v. Innes, 39 Mich., 47: "Doubtless the precise line between what is commonly called labor, and other employment, cannot be drawn with absolute precision."

In the case mentioned, the plaintiff was employed as chief assistant engineer, in the service of the Aubury, Lansing & Traverse Bay Railroad Co., and sought to charge a stockholder with liability on the ground that he was a laborer. In passing upon the case, in addition to what I have read, the C. J. further added:

"We feel sure that the position of an assistant chief engineer would never have been classed as that of a laborer, nor his work as labor, in the popular sense. It is mostly direction and scientific, involving much more superintendence than personal exertion in manual labor. He is chosen for his knowledge, and not for his muscular capacity, in which capacity he may or may not be eminent."

The plaintiff was employed as secretary—elected an officer of the company because of his knowledge and skill in taking care of and managing the business of the concern, and in no sense to perform labor as an operative.

The judgment of the court below is affirmed, with costs, and cause remanded for execution.

Rohn & Baker, for plaintiff in error.

McCauley & Weller, for defendant in error.