THE BANK OF MONTREAL ET AL. V. THE J. E. POTTS
SALT & LUMBER COMPANY. IN RE PETITION
OF DAYTON D. CLARK.

| 92 | 351 |
|----|-----|
| 92 | 355 |
| 92 | 351 |
| 113 | 617 |

*Insolvent debtor—Labor claims—Preferences.*

Act No. 94, Laws of 1887 (3 How. Stat. § 8749m), which provides
that the labor debts of an insolvent person or corporation shall
be preferred claims against his or its estate, does not apply to
the claim of a contractor who engages to perform work for a
gross sum, and who employs a force of men and teams, so
that the contract price includes the profits which he makes
inseparably commingled with the value of his labor and that
of his employés.

Appeal from Wayne. (Gartner, J.) Argued June 9,
1892. Decided June 17, 1892.

Petition for allowance of claim against the estate of an
insolvent corporation under Act No. 94, Laws of 1887.
The receivers appeal from an order allowing the claim.
Order reversed. The facts are stated in the opinion.

*Elliott & McLean,* for petitioner.

*Alfred Lucking,* for appellants.

MONTGOMERY, J. The petitioner shows that he had a
contract with the J. E. Potts Salt & Lumber Company
for putting in logs at a stated price per 1,000 feet, and
for grading a railroad bed at a fixed price per
yard, and in some instances at a fixed price per mile. He
presents a petition asking to have the balance remaining
unpaid declared entitled to a preference as a labor debt,
under Act No. 94, Laws of 1887 (3 How. Stat. § 8749m).
The petitioner employed in this work from 30 to 40 men,
5 or 6 teams owned by himself, and other teams hired

for the work. A portion of the contract price was paid from time to time, by orders drawn in favor of the petitioner's employés on the lumber company.

The statute in question provides that all debts which shall be owing for labor by any person or persons or corporation at the time he, they, or it shall become insolvent shall be preferred claims against the estate. The sole question involved is whether this statute prefers the claim of a contractor who engages to perform work for a gross sum, and who employs a force of men and teams, so that the contract price includes the profits which he makes inseparably commingled with the value of his labor and that of his employés. We think the petitioner is not within the protection of the statute.

We are cited to the cases of *Shaw v. Bradley*, 59 Mich. 199, and *Phillips v. Freyer*, 80 Id. 254, as holding that a contractor is within the protection of the lien law. But there is a clear distinction between that statute and the one under consideration. That statute provides that any person or persons who perform any services in manufacturing lumber shall have a lien thereon for the amount due for such labor or services. The purpose of this statute is to subject the property enhanced by the value of services performed upon it to a lien for the value of the services performed. The equity of this provision is not, of course, dependent upon the question of whether the enhanced value of the property is caused by the personal labor of the claimant, or by that which he does through others, and so in the cases cited it was held immaterial as to whether the labor and services which enhanced the value of the property were performed in person by the contractor or by others whose labor was furnished by him. But the statute of 1887 was evidently primarily adopted in the interests of the wage-earner; and, while it is admittedly broad enough

in its terms to include all debts actually owing for manual labor, and this though the labor may be performed by those who are skilled in their particular calling (*Black's Appeal*, 83 Mich. 513), yet the protection of the statute should not be so extended as to defeat the very purpose of its enactment. In a sense every contractor who has engaged to put in logs for the company, or who has manufactured the lumber of the corporation, has contracted to bestow labor upon the property of the corporation; and the debts of such concern may, and often do, consist wholly of obligations of this character. To admit such claimants to an equal footing with those of the ordinary wage-earner would have the effect to defeat the purpose of the enactment.

This statute is in derogation of the common-law rights of the parties. It goes so far as to provide that liens acquired upon the property after the rendition of the services shall be subordinated to the prior lien for labor. If this provision is extended to all contractors, the result would be most extraordinary in some cases. We think it should not be given such construction; nor do we think it possible, in a case like the present, to separate the profits of the contract from the value of the services, and to give a lien for the personal services of the claimant.

The order of the court made in this matter should be reversed, with costs, and one entered dismissing the petition.

The other Justices concurred.