In the Matter of the Assignment of the George T. Smith Middlings Purifier Company. Appeal of Myron W. Clark.

[See 80 Mich. 200; 83 Id. 513; 84 Id. 364; 86 Id. 149; 100 Id. 127.]

*Insolvent debtor—Labor debts—Preference—Jurisdiction.*

1. The general and collecting agent of a corporation engaged in the manufacture and sale of flouring-mills and milling machinery, who receives an annual salary and his necessary and reasonable traveling expenses, and who occasionally, in the performance of his duties, performs some manual labor in fixing the machines that have been sold, in operating a new mill and securing its satisfactory running, and in giving instructions to others, is not a "laborer," within the meaning of Act No. 94, Laws of 1887 (3 How. Stat. § 8749*m*), which prefers labor debts due from insolvent corporations.[1]

2. Whether a claim against an insolvent corporation which has made an assignment for the benefit of its creditors is entitled to preference as a labor debt, under 3 How. Stat. § 8749*m*, is a question to be determined by the court in which the assignment proceedings are pending, and neither the receivers nor their solicitors possess the power either to determine the question themselves or to stipulate that it may be determined by any other court.

---

[1] For cases construing Act No. 94, Laws of 1887 (3 How. Stat. § 8749*m*), which provides that the labor debts of an insolvent person or corporation shall be preferred claims against his or its estate, see:

1. *Black's Appeal*, 83 Mich. 513, holding that services rendered by a practical miller at a monthly salary and expenses, for a corporation engaged in the manufacture and sale of flouring-mills and milling machinery, in going from place to place after sales were made, and putting the machinery in running order, and giving it a trial to see if it performed the contract of sale satisfactorily, are labor performed for the corporation, within the letter and spirit of the statute.

2. *In re Sayles' Petition*, 92 Mich. 354, holding that the services of a lumber inspector in passing upon and determining the grades of lumber and logs, he being employed by both purchaser and seller, and receiving his pay in part from each, and determining the grades finally between them, do not constitute labor within the meaning of the statute.

Appeal from Wayne. (Hosmer, J.) Submitted on briefs April 27, 1894. Decided May 22, 1894.

Petition that the receivers of an insolvent corporation be directed to pay to the petitioner the amount of a decree in his favor as a preferred claim, under Act No. 94, Laws of 1887. Petitioner appeals. Affirmed. The facts are stated in the opinion.

*Barkworth & Blair,* for petitioner.
*Edwin F. Conely,* for receivers.

GRANT, J. The petitioner was for several years in the employ of the George T. Smith Middlings Purifier Company as its general collecting agent. He had a written contract during the year 1883, which was renewed in 1884. He continued in the same employment under the terms of the written contract until he was discharged, in January, 1887. February 11, of that year, he commenced an action at law in the circuit court for Jackson county. The declaration was on the common counts. A bill of particulars was filed, the items of which are substantially as follows:

```
For salary as agent for one year_____$5,500 00
For the value of the use of an invention by plaint-
    iff of a tilting cup used by the defendant in
    1883 and 1884_____  1,000 00
For commissions earned from Nordyke & Marmon,
    and claimed to have been collected by the
    purifier company_____   768 80
For expenses and disbursements as agent_____  4,330 74
For interest on annual balances of salary not drawn 1,500 00
```

To this declaration a plea of the general issue, with notice of set-off, was interposed. The items of the set-off were as follows:

```
Balance of account against plaintiff_____$5,618 15
Moneys drawn by plaintiff from Mr. Kreiss, of
    Germany, a customer of the defendant_____  1,081 44
Moneys drawn by plaintiff while managing defend-
    ant's business in Canada_____  1,787 41
```

100 MICH.— 29.

November 12, 1888, the purifier company filed a bill of complaint in the circuit court for the county of Jackson, in chancery, against Clark, setting forth that, in the course of his employment for the company, Clark had received and disbursed large amounts of money, for which he had not accounted, and praying for an accounting, and that the suit at law be enjoined. Clark was enjoined from prosecuting his suit at law upon the company's filing an approved bond in the penal sum of $10,000, with sufficient sureties, as required by the statute to restrain an action at law. Clark, on January 24, 1889, answered the bill, and filed a cross-bill asking for affirmative relief. The case was referred to a circuit court commissioner to take testimony, and report it to the court.

January 14, 1890, the purifier company made a common-law assignment for the benefit of its creditors. April 15, 1890, the cause was removed from the circuit court for the county of Jackson to the circuit court for the county of Wayne, in chancery. At the time of this assignment the chancery suit between the purifier company and Clark was undetermined. It was stipulated between the respective parties that the cause should proceed to a final hearing upon the merits, and a final decree be entered. The hearing was concluded, and a decree entered February 29, 1892, in favor of Clark, and against the purifier company, for $4,222.30. This decree also recited that this indebtedness was on account of personal labor and services of said defendant rendered to said complainant; that said complainant had made a voluntary assignment for the benefit of its creditors; and decreed that the amount be given preference in the winding up of the affairs of said complainant under the statute. No appeal was taken from that decree. Mr. Clark then filed his petition in the circuit court for the county of Wayne, in chancery, in the assignment case, asking that the receivers be decreed to pay

him this amount as a preferred claim. The court refused to allow the claim as preferred, and the petitioner appeals.

It is insisted on behalf of the petitioner (1) that the question of preference is *res judicata* by the decree in the Jackson circuit court; and (2), if this be not so, still the claim is one entitled to preference, under Act No. 94, Laws of 1887.

1. We do not think the claim is *res judicata*. The suits brought by Clark against the company, and by the company against Clark, were commenced about three years before the assignment. Issue was joined and proofs were taken in the chancery suit before the assignment. The purpose of that suit was the determination of the amount due upon an accounting. No reference is anywhere made in the pleadings to any claim of preference given by the statute. The pleadings were not framed with any view to determining this question. The assignment did not change or modify the issue. While the stipulation, *in haec verba*, is not before us, yet it is not claimed that it included any reference to this subject. That was a question for the sole determination of the court having jurisdiction under the assignment. No order from that court was obtained permitting this question to be determined in the other forum. Neither the receivers nor their solicitors possessed the power either to determine this question of preference themselves or to stipulate that it might be determined by any other court. The rights of the general creditors were involved, and they were entitled to a hearing before the court in which the assignment proceedings were pending. We must, therefore, hold that the Jackson circuit court had no jurisdiction to determine the question of preference.

2. Petitioner's contract for employment is in the following language:

"The party of the second part [Clark] is to act as gen-

·eral agent for the said purifier company during the year 1884, at a yearly salary of $4,500, which the party of the first part agrees to pay:     *Provided*, however, that, if the gross amount of sales of machines by said purifier company during the year 1884 is as large as the gross amount of such sales by said company in 1882, then, and in consideration of such sales, the salary of the party of the second part shall be $5,000, instead of $4,500, and the party of the first part agrees to pay the same accordingly."

Under this and similar contracts, Mr. Clark traveled in nearly all of the United States, in Canada, and in Europe. We think it clear that this is not a labor debt, within the statute, which will be found quoted in *Black's Appeal*, 83 Mich. 517. Occasionally, Mr. Clark, in the performance of his duty, did some manual work in fixing the machines that had been sold, in operating a new mill, in securing its satisfactory running, and in giving instructions to others; but he was not a "laborer," within the decision of *Black's Appeal*. Mr. Black was engaged exclusively in putting the machinery in running order after it had been sold. He had nothing to do with its sale, nor with any collections. His work was entirely manual and mechanical. The manual work which Mr. Clark performed did not constitute his general employment. His contract did not require the performance of . any such labor as that which is preferred by this statute. *In re Sayles' Petition*, 92 Mich. 354.

The decree must be affirmed, with costs.

The other Justices concurred.