Smith, J.
In this case the assignee of Sloan seeks the reversal of the judgment of the court of common pleas, which required him to pay from the assets of his assignor’s estate to Green-lee $300, as a preferred claim for services rendered by him as a laborer and operative while in the service of said Sloan, and in preference to any claims under and by virtue of any chattel mortgages given on assigned property by said Sloan.
The agreed statement of facts brought into the record by a bill of exceptions, shows this state of fact: Sloan, the assignor, before his assignment, was engaged in publishing and selling Sloan’s Legal Directory to attorneys in the United States and in Canada. Greenlee was employed by him as a traveling agent to work for him in obtaining subscriptions to such book, and in selling it in the territory aforesaid, and in collecting accounts due to Sloan, and traveled from place to place to do this, going from office to office, and interviewing prospective subscribers,and presenting the merits of the publication, He was to be paid for his services $100 per month, and all his traveling expenses. At the time of the assignment the balance due to him for his services was $652.05, more than $300 of which was due for the services for the year immediately preceding the assignment. Shortly before the assignment (seven days before), Sloan gave chattel mortgages upon the property assigned to other persons, for antecedent debts, on which there were certain sums due, and said mortgages were rated liens on the property in the hands of the assignee.
The claim of Greenlee to priority of payment from the funds in the hands of the assignee is based on Sec. 6355, Rev. Stat,, which provides for lie payment of preferred claims by an assignee as follows:
*231 “All taxes of every description assessed against the assignee upon any personal property held by him before his assignment shall be paid by the assignor or trustee out of the proceeds of the property assigned, in preference to any other claims against the assignor, and every person who shall have performed any labor as an operative in the service of the assignor shall be entitled to receive out of the trust funds,'before the payment of the other creditors, the full amount of the wages due to such person for such labor performed within twelve months preceding the assignment, not exceeding $300. But the foregoing provision shall not prejudice or in any way affect securities given or liens obtained in good faith,for value, but judgments by confession on warrants of attorney rendered within two months prior to such assignment, or securities given within such time to create a preference among creditors, or to secure a pre-existing debt olher than upon real estate for the purchase money thereof,shall be of no force or validity as against such claims for labor,to the extent above provided, in case of assignment.”
The mortgages referred to, having been given less than two months before the assignment and to secure a pre-existing debt, the only question in dispute is, whether the wages of Greenlee, to the amount of $300, tor services rendered to Sloan, the assignor, within the twelve months next preceding the assignment, have priority as to payment from the assets in the hands of the assignee over the amounts due on such mortgage claims. That is, did Greenlee perform labor as an operative in the service of the assignor?
. While we are not disposed to placea very strict construction upon this language as used in this statute, and,in view of what we deem to be the purpose of the legislature in its enactment, viz: To protect and prefer he claims of those who, as workmen or laborers, serve their employer in the bouse, field, factory or mine, or in other like services, would be strongly inclined to be liberal in the construction to be placed upon it, yet we are of the opinion that on the admit *232 ted facts of this case, it can not rightfully be said that Mr. Greenlee performed labor as an “operative” in the service of Mr. Sloan, so as to entitle him under the terms of this statute to a preference, Certainly,in the ordinary and usual use of the word, a person rendering services like those rendered by Mr. Greenlee,would not be spoken of as “an operative,” and the definition of the word, and of the other words, “laborers and workmen” as given by the lexicons, would indicate that the common acceptation of the meaning of these words is the correct one. It surely can not be that the statute was intended to give a preference to every person who had performed labor of any kind for the assignor within the period prescribed. If so, the lawyer who may have tried a case for him, or the physician or surgeon who may have rendered him service, in the line of their profession, must be considered “as operatives;” for it is only when the service is rendered as an operative that the statute applies, and this could not have been the intention of the legislature. The view we take of the case as to the meaning to be given to these words is supported by the cases of Green v. Tbaden, 6th C. C. Rep., 351, and Brockay v. Innas, 39 Mich., 47, and we are not cited to any authority to the contrary.
It is strengthened, too, by the history of the legislation on the subject. Prior to March 6, 1861, the statute simply provided for the payment of taxes as a preferred claim. On that day an amendment was enacted, which, in substance, was the same as that now in force, (58 O. L. 26),providing that any person who shall have performed any labor as an operative “in the service of any person or corporation” who assigns, shall be preferred. On May 7, 1878, (Vol. 75, 134), the law of 1861 was amended, providing that “every person who shall have performed labor in the service of any person o.r corporation” should be entitled to a preference for his wages, pot exceeding $300. This act, it will be perceived, left out the provision that the labor was to be *233 performed as an operative, and if still in force, would perhaps entitle Greenlee to the priority claimed.'
David Davis, for Plaintiffin error.
A. M. Warner, Contra.
But it can not be said that this statute was ever in force, for the reason that in the revision of the laws passed on the same day (Vol. 75, 943) the old provision was re-enacted, and by it only those who performed labor as operatives were preferred. And this provision has been carried into all amendments since made, and the words “as a operative” certainly have some meaning.
Taking this view of the subject, we must reverse the holding and judgment of the court of common pleas and enter a judgment on the agreed state of facts,that Greenlee is not entitled to priority, as claimed, over the mortgages referred to.