### DAVIS, ASSIGNEE, v. GREENLEE.

CONSTRUCTION OF SECTION 6355, REVISED STATUTES.

The preference given by section 6355 to "operatives" over other creditors applies only to those classed as operatives in the usual and ordinary sense of the word.

HEARD on Error.

SMITH, J.

In this case the assignee of Sloan seeks the reversal of the judgment of the court of common pleas, which required him to pay from the assets of his assignor's estate to Greenlee $300 as a preferred claim for services rendered by him as a laborer and operative while in the service of said Sloan, and in preference to any claims under and by virtue of any chattel mortgages given on assigned property by said Sloan.

The agreed statement of facts brought into the record by a bill of exceptions, shows this state of fact. Sloan, the assignor, before his assignment, was engaged in publishing and selling Sloan's Legal Directory to attorneys in United States and in Canada. Greenlee was employed by him as a traveling agent to work for him in obtaining subscriptions to such book, and in selling it in the territory aforesaid, and in collecting accounts due to Sloan, and traveled from place to place to do this, going from office to office, and interviewing prospective subscribers and presenting the merits of the publication. He was to be paid for his services $100 per month and all his traveling expenses. At the time of the

assignment the balance due to him for his services was $652.05, more than $300 of which was due for the services for the year immediately preceding the assignment. Shortly before the assignment (seven days before), Sloan gave chattel mortgages upon the property assigned to other persons, for antecedent debts, on which there were certain sums due, and that said mortgages were rated liens on the property in the hands of the assignee.

The claim of Greenlee to priority of payment from the funds in the hand of the assignee is based on section 6355, Revised Statutes, which provides for the payment of prefered claims by an assignee as follows: "All taxes of every description assessed against the assignee upon any personal property held by him before his assignment shall be paid by the assignor or trustee out of the proceeds of the property assigned, in preference to any other claims against the assignor, and every person who shall have performed any labor as an operative in the service of the assignor shall be entitled to receive out of the trust funds, before the payment of the other creditors, the full amount of the wages due to such person for such labor performed within twelve months preceding the the assignment, not exceeding $300. But the foregoing provision shall not predjudice or in any way effect securities given or liens obtained or in good faith for value, but judgment by confession on warrants of attorney rendered within two months prior to such assignment, or secureties given within such time to create a preference among creditors, or to secure a pre existing debt other than upon real estate or the purchase money thereof, shall be of no force or validity as against such laims for labor, to the extent above provided, in case of assignment."

The mortgages referred to, having been given less than two months before the assignment and to secure a preexisting debt, the only question in dispute is, whether the wages of Greenlee, to the amount of $300, for services rendered to Sloan, the assignor. within the twelve months next preceding the assignment, have priority as to payment from the assets in the hands of the assignee over the amounts due on such mortgage claims. That is, did Greenlee perform labor as an operative in the service of the assignor?

While we are not disposed to place a very strict construction upon this language as used in this statute, and in view of what we deem to be the purpose of the Legislature in its enactment, viz: to protect and prefer the claims of those who as workmen or laborers serve their employer in the house, field, factory or mine, or in other like services, would be strongly inclined to be liberal in the construction to be placed upon it, yet we are of the opinion that on the admitted facts of this case, it can not rightfully be said that Mr. Greenlee performed labor as an operative in the service of Mr. Sloan so as to entitle him under the terms of this statute to a preference. Certainly in the ordinary and usual use of the word, a person rendering services like those rendered by him, would not be spoken of as "an operative," and the definition of the word and of the other words, laborer and workman as given by the lexicons, would indicate that the common acceptation of the meaning of these words is the correct one. It surely can not be that the statute was intended to give a preference to every person who had performed labor of any kind for the assignor within the period prescribed. If so, the lawyer who may have tried a case for him, or the physician or surgeon who may have rendered him service in the line of their profession, must be considered "as operatives," for it is only when the service is rendered

*as an operative* that the statute applies, and this could not have been the intention of the Legislature. The view we take of the case as to the meaning to be given to these words is supported by the cases of *Green* v. *Weller,* 3 C. D., 488, and *Brockay* v. *Innas,* 39 Mich., 47, and we are not cited to any authority to the contrary.

It is strengthened, too, by the history of the legislation on the subject. Prior to March 6, 1861, the statute simply provided for the payment of taxes as a preferred claim. On that day an amendment was enacted which, in substance, was the same as that now in force. (O. L. 58), providing that any person who shall have *performed any labor* as an operative "in the service of any person or corporation" who assigns, shall be preferred. On May 7, 1878, (Vol. 75, 134), the law of 1861 was amended providing "that every person who shall have performed labor in the service of any person or corporation" should be entitled to a preference for his wages not exceeding $300. This act, it will be perceived, left out the provision that the labor was to be performed as an operative, and if still in force would perhaps entitle Greenlee to the priority claimed.

But it cannot be said that this statute was ever in force, for the reason that in the revision of the laws, passed on the same day (Vol. 75. 943), the old provision was reenacted and by it only those who performed labor as operatives were preferred. And this provision has been carried into all amendments since made, and the words "as an operative" certainly have some meaning.

Taking this view of the subject, we must reverse the holding and judgment of the court of common pleas and enter a judgment on the agreed state of facts that Greenlee is not entitled to priority, as claimed, over the mortgages referred to.

*David Davis* for Plaintiff in Error.

*A. M. Warner, contra.*