MICHIGAN TRUST CO *v.* GRAND RAPIDS DEMOCRAT.

1. LABOR DEBTS—INSOLVENT NEWSPAPER CORPORATION— EDITORS AND REPORTERS.

Debts owing by an insolvent newspaper corporation to its employés for the gathering of news items, the performance of editorial work, the preparation and correction of copy, and the reading of proof, are not debts for labor, within 3 How. Stat. § 8749*m*, making such debts preferred claims against the estate of an insolvent.[1]

2. SAME—MAILING CLERKS.

But the amount due to a mailing clerk for getting out, addressing, and mailing the paper to the various subscribers is a debt for labor, within the meaning of the statute.

3. SAME—FORECLOSURE PROCEEDINGS—INTERVENERS—OPENING OF DECREE.

Where a former employé of an insolvent corporation intervened in foreclosure proceedings against such corporation after the rendition of a décree therein providing for the sale of the mortgaged property, and of certain accounts and bills receivable assigned to S. by the mortgagor, and reassigned to the mortgagee, after the labor for which the intervener claimed had been performed, and directing that S. be paid out of the proceeds a specified sum, exceeding in amount the intervener's claim, it was not necessary that such decree be opened or modified in order to enable the intervener to obtain relief, but his debt could properly be made a charge upon the fund apportioned to S.

Appeal from Kent; Adsit, J. Submitted June 16, 1897. Decided July 13, 1897.

Bill by the Michigan Trust Company against the Grand Rapids Democrat to foreclose a chattel mortgage. M. Almy Aldrich and other employés of the defendant corporation severally filed petitions as interveners for prefer-

[1] On the question who are laborers, employés, or servants, within the meaning of statutes giving them preferences, there is a note to *Tod* v. *Kentucky Union R. Co.*, in 18 L. R. A. 305.

ence as to their several claims for compensation. From a decree in favor of the interveners, complainant appeals. Reversed, except as to intervener Clarence J. Toot.

*Fletcher & Wanty*, for complainant.

*Kingsley & Kleinhans*, for defendant.

*Hatch & Wilson*, for intervener M. Almy Aldrich.

*Peter Doran*, for interveners Edwin J. Bulkley and William M. Hathaway.

*Stuart & Barker*, for intervener Clarence J. Toot.

MOORE, J. The interveners were allowed certain claims, which complainant was directed to pay as preferred claims. It is the claim of the interveners that the claims were properly allowed as preferred claims, under the provisions of 3 How. Stat. § 8749m, which provides that—

"All debts which shall be owing for labor by any person or persons or corporation at the time he, they, or it shall become insolvent shall be preferred claims against the estate of such insolvent debtor or debtors, and have precedence in the payment thereof over all debts owing by such insolvent debtor or debtors at the time of becoming insolvent which shall not have become a lien on such estate, or some portion thereof, prior to the performance of the labor for which such debts for labor shall be owing."

The first petition of Aldrich states that—

"The nature of the work and labor performed by your petitioner * * * was the writing of editorials, and the performing of various kinds of editorial work, required to be done on the daily and weekly issues of the Grand Rapids Democrat, the newspaper published by the said defendant, the preparation and correction of copy for the printers, the direction of the make-up of the paper, including full charge of all branches of the mechanical department of said paper after the close of the business office each night."

His second petition states the nature of the work to be the same, only adding that the editorial work was done under the direction of a superior. The petition of Clar-

ence J. Toot states that the nature of the work performed by him was that of mailing clerk, which consisted in attending to the getting out, addressing, and mailing of the newspaper to its various subscribers, and putting in appropriate packages, and delivering to the proper persons, the proper number of papers allotted to each. The petition of Edwin J. Bulkley says that the nature of the work performed by him was that of proof reading, and traveling around the city, gathering news. The petition of William M. Hathaway states that the nature of the work performed by him was that of reporting, going around to the different wholesale houses, collecting market reports, and assisting in editorial work and proof reading.

This statute has been repeatedly construed by this court, and, while the precise questions raised in this proceeding have not been passed upon, we think the logic of the decisions is against the decree found by the learned circuit judge. The labor performed by the petitioners, with one exception, was intellectual, rather than manual. It was the work of professional men, rather than the work of laborers, giving the word its ordinary acceptation, and is not such work as is intended to be covered by the statute. *In re Clark*, 92 Mich. 351; *In re Sayles*, Id. 354; *Appeal of Clark*, 100 Mich. 448. The exception mentioned is the work performed by Mr. Toot. His labor was mechanical and manual, and is clearly embraced within the terms of the statute. *Appeal of Black*, 83 Mich. 513.

It is said that, as the petition embracing the claim of Mr. Toot was not filed until after the decree was rendered, and the decree has not been reopened or modified, it is too late to give Mr. Toot any relief. The decree embraces items of accounts and bills receivable that were assigned after this work was done to Mr. Stevenson, and afterwards assigned by him to the complainant. This decree provides that the fund be brought into court, and apportions to Mr. Stevenson upwards of $2,000. As Mr. Stevenson's claim is subsequent to that of Mr. Toot, we can see no

great difficulty in providing for the payment of Mr. Toot's claim out of the fund, and it will be so ordered.

The decree, as to the other petitions, will be reversed, and petitions dismissed, appellant to recover costs, except as to Mr. Toot, and Mr. Toot to recover costs.

The other Justices concurred.