LAWTON *v.* RICHARDSON.

LABOR DEBTS—WHAT ARE—STORE EMPLOYÉS.

Debts due to employés in a dry-goods store, who act as department managers and salesmen, and perform such services as the unpacking of goods, marking them and placing them upon the shelves, sweeping out the store, and keeping the stock in order, are debts for labor, within the meaning of 3 How. Stat. § 8749*m*, making labor debts preferred claims under certain circumstances.[1]

Appeal from Wayne; Donovan, J. Submitted October 21, 1898. Decided December 6, 1898.

Bill by Edward Lawton and others against Henry W. Richardson, John Phillips, Thomas E. Hall, William B. Hall, and Emma H. Hall, to enforce certain labor claims under 3 How. Stat. § 8749*o*. From a decree for complainants, defendants Hall appeal. Affirmed.

*Hatch, Hatch & Chapman*, for complainants.

*A. G. Pitts* and *J. G. Dickinson*, for appellants.

MOORE, J. Henry W. Richardson was a dry-goods merchant in Detroit. The other defendants are his credit-

---

[1] On the question who are employés, laborers, or servants, within the meaning of statutes giving preferences, there is an extensive note to *Tod* v. *Kentucky Union R. Co.*, (C. C. App.) 18 L. R. A. 305.

ors, who took possession of some of his stock, either as mortgagees or attaching creditors. Mr. Richardson at this time owed complainants, who were in his employ. They claimed the debts due them were owing for labor, within the meaning of 3 How. Stat. § 8749m. By grouping their claims together, they amounted to more than $100. It is their claim that their hiring by Mr. Richardson, and the subsequent transactions connected with the closing of his business, entitled them to the relief provided by sections 8749m, 8749o. After hearing the proofs in open court, the circuit judge found the averments of the bill to be true, and rendered a decree in favor of complainants.

The important question involved is: Were there debts owing for labor, to the amount of $100, due complainants? The appellants say not, citing Jones v. Avery, 50 Mich. 326; Black's Appeal, 83 Mich. 520; Sayles' Petition, 92 Mich. 354; Clark's Appeal, 100 Mich. 448. The record shows Mr. Richardson proposed to engage in business in Detroit, and advertised for a salesman and manager for a dry-goods store. Mr. Lawton met him at the Russell House, and was told by Mr. Richardson that he had $18,-000 with which he was going to buy goods. Mr. Lawton hired out to him July 25th, for $75 a month, expecting to be the manager of the store. He went to work July 27th, helping to get the store ready for business. In August, Mr. Lawton and Mr. Richardson went East, and bought the goods. August 22d, Mr. Lawton returned to Detroit, helped unpack the goods, and helped about the marking of the goods, putting them upon the shelves, and getting the stock ready for the opening day. After that he did the work of an ordinary clerk, helping about selling the goods, sweeping out the store, and doing the general work of the store. Mr. Richardson, at the time of the employment, asked Mr. Lawton to furnish $250 as security for the proper performance of his work. It was furnished to Mr. Richardson, and never returned. It does not form any part of the decree rendered by the cir-

cuit judge. Mr. Burkard also answered the advertisement, and had an interview with Mr. Richardson at the Russell House, when he was told substantially the same thing by Mr. Richardson that had been told Mr. Lawton. He also was asked to furnish $250, but did not do so, and was hired to help in the dress-goods department, at $14 a week. The keys of the store were given to him by Mr. Richardson, and at his direction he opened the store in the morning early enough so the carpenters could go to work, got a carpenter to make shelving and railing, and gave instructions about putting in the store a desk, shelving, and counters. He opened up 60 or 70 cases of goods when they came, and carried them into the store, sometimes working at night to do so. He also helped mark the goods, and put them on the shelves, and helped sweep the store every morning, and helped about keeping the stock in order, including the display of the goods outside, and had charge of the dress-goods department. The other complainants were clerks, working for five and six dollars a week.

The store was closed about September 24th by the creditors, either by commencing replevin and attachment suits, or by mortgagees taking possession. Emma H. Hall is the mother-in-law of Mr. Richardson, and Thomas E. and William B. Hall his brothers-in-law.

The circuit judge found that, as to the work done by Mr. Lawton when in New York, it was not the work of a laborer, within the meaning of the statute; but as to the other work done by him, and the work done by the other complainants, it was labor, within the meaning of the statute. It is apparent from what has already appeared that nearly all the labor done was not intellectual or professional in its character, nor was it of an especially skillful kind. It was, in the main, manual labor, and of such a character as the statute was intended to protect. *Black's Appeal*, 83 Mich. 520.

The decree is affirmed, with costs.

The other Justices concurred.