JORGENSEN v. MICKLE.

CORPORATIONS—LABOR DEBTS—LIABILITY OF STOCKHOLDERS.
Services performed by office boy in addressing mail, depositing it in postoffice, helping around office, sorting mail, taking dictation, and, on some occasions, buying office supplies, *held,* not ''labor'' within meaning of stockholders' liability statute, allowing recovery from stockholders for labor performed for corporation (2 Comp. Laws 1929, § 10026).

Appeal from Wayne; Boomhower (Xenophon A.), J., presiding. Submitted June 14, 1932. (Docket No. 132, Calendar No. 36,520.) Decided September 16, 1932.

Assumpsit by Hilvard E. Jorgensen against Herbert Mickle and another on statutory liability of stockholder for an alleged labor debt of a corporation. Judgment for plaintiff. Defendants appeal. Reversed, and judgment ordered entered for defendants.

*John McNeil Burns* (*Chas. E. Moore,* of counsel), for plaintiff.

*Ralph E. Routier* (*Arthur Y. Winer,* of counsel), for defendants.

POTTER, J. Plaintiff was employed by Richmond Hills Development Corporation as an office boy to address circulars and other mail, see they were deposited in the postoffice, help around the office, sort the mail, take dictation, answer the telephone, run errands, and, on some occasions, buy office supplies. In addition, he did some bookkeeping. He sued the Richmond Hills Development Corporation to recover for services performed, and recovered a judgment of $216.30 and costs. Richmond Hills Development Corporation was adjudged a bankrupt October 6, 1931, by the United States district court for the eastern district of Michigan, southern division. Defendants were stockholders during the time plaintiff worked for the Richmond Hills Development Corporation in said corporation, and plaintiff brings suit, based upon their stockholders' statutory liability. From a judgment for plaintiff, defendants appeal.

Plaintiff's proceedings were brought under 2 Comp. Laws 1929, § 10026. Defendants contend under the provisions of that section it is necessary the employee make some effort to collect from the corporation, beyond recovering a judgment against it, before suing the stockholders to enforce a statutory liability.

This court has said it was the object and purpose of the statute that the corporation should be primarily liable for labor debts, that the statutory liability of the stockholders for labor debts is secondary and not primary, that they stand in the position of sureties toward the corporation, and their stockholders' liability may be enforced only when the right to recover against the corporation has been exhausted. Since that time the statute has been amended. We think it is unnecessary to pass upon this question, for the reason that we are satisfied the services performed by the plaintiff do not fall within the definition of labor as construed by this court. *Brockway* v. *Innes,* 39 Mich. 47 (33 Am. Rep. 348); *In re Black's Appeal,* 83 Mich. 513; *In re Clark,* 92 Mich. 351; *In re Sayles,* 92 Mich. 354; *Michigan Trust Co.* v. *Grand Rapids Democrat,* 113 Mich. 615 (67 Am. St. Rep. 486); *Lawton* v. *Richardson,* 118 Mich. 669.

Judgment is reversed, with costs, and remanded for judgment for defendants.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.