## George W. Jones v. Horace W. Avery.

*Labor debts—Traveling salesman*

A traveling salesman employed by a corporation is not a laborer within the meaning of the constitutional provision which makes stockholders liable for labor debts.

Whether the president of a corporation can confess judgment therefor without authority from the directors—Q.

Error to Wayne. (Chambers, J.) April 10.—April 18.

Assumpsit. Plaintiff brings error. Affirmed.

*James H. Pound* for appellant. The constitutional protection of labor debts extends to work done by a man's team: *Chic. & N. E. R. R. v. Sturgis* 44 Mich. 538 ; personal liability statutes should be construed in accordance with the natural and ordinary sense of the language : *Bohn v. Brown* 33 Mich. 257 ; the term employees in its ordinary and usual sense includes all whose services are rendered for another, and is not restricted to any kind of employment or service but includes as well the professional man as the common laborer: *Gurney v. A. & G. W. Ry.* 58 N. Y. 367 ; *Stryker v. Cassidy* 76 N. Y. 50.

*Alex. D. Fowler* for appellee. In the constitutional clause protecting labor debts, the services referred to are menial or manual services, and he who performs them must be of a class whose members usually look to the reward of a day's labor or service for immediate or present support, from whom the company does not expect credit, and to whom its future ability to pay is of no consequence, and who is responsible for no independent action, but who does a day's work, or a stated job, under the direction of a superior: *Wakefield v. Fargo* decided Oct. 17th, 1882, 2 N. Y. Cond. Rep. 35 (Wakefield having been book-keeper at a yearly salary) ; *Peck v. Miller* 39 Mich. 594 ; *Brockway v. Innes* 39 Mich. 47 ; *Dean v. De Wolf* 16 Hun 186 : 82 N.Y. 620 (mine agent); *Aikin v. Wasson* 24 N. Y. 482 (contractor); *Coffin v. Reynolds* 37 N. Y. 640 (secretary); *Hill v. Spencer* 61 N.Y. 274 ; *Krauser v. Ruckel* 17 Hun 463 (mine agent); *Peck v. Rusk* 55 Wis. 465 (railroad agents) ; a judgment confessed by the president of a corporation without service of process and without the order or knowledge of the directors or company, and not setting forth the cause of the indebtedness, is void : *McMurray v. St. Louis &c. Co.* 33 Mo. 377.

Graves, C. J. The plaintiff, claiming to be a judgment creditor of the "Condensed Oil Manufacturing Company" for services rendered to the company, and that collection by

execution had failed, prosecuted this action against the defendant as a stockholder to compel him to make payment. The trial judge ordered a verdict against the plaintiff. The alleged judgment against the corporation was before a justice, and was given on a confession made by the president and without a showing of authority from the directors. Whether this confession was sufficient to confer jurisdiction may be open to some discussion, but the point is now waived.

The circuit judge was of opinion that the plaintiff's debt was not a labor debt within the meaning of the provisions on which the plaintiff relies,—Const., article 15 § 7 : Comp. L. § 2852—and hence that the defendant was not liable for it.

We think this view is correct. The plaintiff's connection with the company and the nature of his occupation were fully explained by him as a witness. He said : " The kind of labor I rendered to the said company was that of traveling salesman or agent, selling their goods. My duties consisted in soliciting orders for the sale of the company's goods from customers, who were using those or similar goods in different towns through the country. I carried samples with me always; I carried this assortment of samples with me to each customer or man I solicited. I was to receive a salary or compensation at the rate of $1000 per year; that was my agreement."

From this it seems evident to the Court that he was not a labor performer for the corporation in the sense contemplated in the provisions for holding stockholders liable. He had no part in carrying on the establishment, nor in the manufacture. He was a mere outside agent or representative of the company to bring business to it, upon a salary. As regards the present question, his position was nearer the position of an officer of the corporation than that of a laborer.

The judgment is affirmed with costs,

The other Justices concurred.