KLINE, Respondent, vs. COMSTOCK and another, imp., Appellants.

*November 26 — December 14, 1886.*

LIENS: LOGS AND LUMBER.  *(1) Lien for labor as against purchaser of logs: Double employment.  (2) Assignment of part of claim.*

1.  A scaler employed by the month by the vendor of logs, or by the vendee, or by both jointly, may also be employed by the vendor to assist in loading the logs, and may have a lien for the latter service, as well as for the scaling, as against the vendee, provided the services rendered in loading did not interfere with his duties as scaler.
2.  A person having a lien upon logs for labor performed thereon may, with the assent of the debtors, assign a part of his claim to another person having a similar lien; and the latter may enforce the lien for the part thus assigned, together with his own lien, against persons purchasing the logs from such debtors.

APPEAL from the Circuit Court for *Lincoln* County.

Action to enforce a lien for labor upon logs. The case is thus stated by Mr. Justice CASSODAY:

"In October, 1883, the *Comstocks* made a contract with the Babcocks for the purchase of the logs in question, which the Babcocks were to cut, put in, and deliver in the Merrill boom, at Merrill, and for which the *Comstocks* were to pay them according to the logging scale,— the common way of buying logs. In December, 1883, the Babcocks, or the Babcocks and the *Comstocks* together, employed the plaintiff to scale the logs, at $50 per month; and he worked at the same from December 26, 1883, to March 26, 1884, being a period of three months. About January 26, 1884, the Babcocks employed the plaintiff to also help them load the same logs, at $35 per month, and he performed about two months' work of such service. During the same time, one Schultus did and performed work, labor, and services for the Babcocks, at their special instance and request, upon and about the hauling of said logs; and Schultus sold and assigned to the plaintiff the amount of $25 of his claim, with the consent of the Babcocks.

"The plaintiff's complaint, in effect, alleged the above facts; and also the filing of his lien for the above claims, April 3, 1884, pursuant to ch. 143, R. S., ch. 330, Laws of 1881, and ch. 319, Laws of 1882; that no part of the amounts named had been paid; that the plaintiff was entitled to a lien upon the said logs, and the lumber, lath, and shingles made therefrom, to the amount of said several claims, to wit, $245, and interest thereon from March 26, 1884; and claimed judgment accordingly. The *Comstocks* separately answered, to the effect that they alone employed the plaintiff to do such scaling, and that, by the terms of the contract, he was to devote his whole time to such service for them; that, before the filing of the lien, they tendered to the plaintiff $150 for such service, which tender was kept good, and were still ready to pay the same, but

that the plaintiff refused to accept that amount; also a general denial. The Babcocks did not answer.

"Upon the trial of the action the jury returned a verdict in favor of the plaintiff to the effect that the Babcocks were indebted to him for such labor and services in the sum of $272.37, and that the same was a lien upon the property described; that the *Comstocks* had purchased and owned the logs at the commencement of the action; that the amount due the plaintiff, and for which he was entitled to a lien upon the logs, September 13, 1884, was $245.70, with interest from April 3, 1884, amounting in all to $253.32. From the judgment entered thereon the defendants, the *Comstocks*, appeal."

The cause was submitted for the appellants on the brief of *Bump & Hetzel*, and for the respondent on that of *Silverthorn, Hurley & Ryan*.

For the appellants it was contended that if the plaintiff was in the employ of the *Comstocks* or of all the defendants for the purpose of scaling only, he could not be employed in other work by the Babcocks (whose interests were antagonistic to the *Comstocks*), and so increase the amount of his wages to be charged against the logs. 4 Wait's Act. & Def. 403, 409; *Damon v. Osborn*, 18 Mass. 481; *Pickett v. School Dist.* 25 Wis. 553; *Collins v. Case*, 23 id. 230; *Meyer v. Hanchett*, 39 id. 419; *Dunn v. Oneal*, 60 Am. Dec. 140; Wood on M. & S. sec. 101. The plaintiff could not take an assignment of a part of the claim of Schultus, and enforce a lien therefor. *Mandeville v. Welch*, 5 Wheat. 277; *Gibson v. Cooke*, 20 Pick. 15; *Carter v. Nichols*, 2 New Eng. Rep. 610; *Palmer v. Merrill*, 6 Cush. 282; *Tripp v. Brownell*, 12 id. 381; *James v. Newton*, 2 New Eng. Rep. 820.

CASSODAY, J. Exception is taken because the court charged the jury, in effect, that if the plaintiff was employed as scaler by the Babcocks, or by them and the *Com-*

*stocks* jointly, then it was competent for the Babcocks to further employ him to load logs; and if they did, and he performed such work, then they were liable to him therefor, and the same was a lien upon the logs in addition to the amount he earned as scaler; that if the plaintiff contracted with the *Comstocks* alone, and fully and fairly performed his work as such scaler, he had a right to perform any further work for the Babcocks upon the logs "which did not interfere with the performance of his duty as scaler," and in such event he would be entitled to a lien upon the logs for such additional labor; that if the plaintiff performed such extra work upon the logs pursuant to such contract with the Babcocks, for which otherwise they must have employed another to do, "the plaintiff meanwhile performing his duty as scaler," then "the *Comstocks* cannot complain, because it could make no difference to them whether the plaintiff or some third person performed such labor and acquired a lien upon the logs therefor, so long as the plaintiff's contract to scale was fully performed." It seems to us that this charge was substantially correct, and that the request to charge to the contrary was properly rejected. It was conceded that the plaintiff had a lien for the amount of his services as scaler, and that the same was tendered and kept good. The logs were to be cut, hauled, and delivered by the Babcocks. The men necessarily employed by them to do the loading of the logs, as well as others, thereby acquired a lien upon the logs under the statutes, even as against the *Comstocks* as purchasers. Sec. 3329, R. S.; sec. 1, ch. 330, Laws of 1881; sec. 1, ch. 319, Laws of 1882. The plaintiff was not precluded from the benefit of such lien for such service in loading logs, if it in no way interfered with his duties as scaler. Under the charge, the jury necessarily found that it did not so interfere. With that fact as a verity in the case, there seems to have been nothing to prevent such lien.

2. Exception is taken because the court charged the jury: " If you find that Schultus performed work upon the logs in question, and afterwards assigned his claim therefor, or for a part thereof, to the plaintiff before he (Schultus) was paid or commenced suit therefor, and the plaintiff filed his petition for a lien, including the amount so earned and assigned to him by Schultus, the plaintiff in such case is entitled to recover the amount or part of Schultus' earnings assigned to him and due from the Babcocks, and that the same is a lien upon the logs." Since the plaintiff and Schultus, respectively, had liens for services upon the same logs, the claim of the latter was assignable to the plaintiff, who was expressly authorized by statute to purchase and take an assignment of the same, "subject to all defenses and setoffs to such claim against the original owner," and include the same in his own petition for a lien, as he did. Sec. 3336, R. S.

The particular objection to this portion of the charge is that this section does not expressly authorize the assignment of a part of a claim, leaving the assignor to enforce a lien for the balance. It is, moreover, maintained that a part of an entire claim was not assignable at common law without the consent of the debtor, and such is the import of the authorities cited. But here the evidence is undisputed that the assignment to the plaintiff by Schultus of a part of his claim was made with the express sanction and agreement of the debtors,— the Babcocks,— who, as we have seen, were authorized by statute to incumber the logs for labor upon them, even as against the *Comstocks*. This being so, we think the portion of the charge quoted was substantially correct. The objection to an assignment of a part of an entire claim is to save parties from a double controversy and perhaps double litigation; but of course the ground of the objection fails when, as here, the assignment is with the

consent of the debtors and cannot operate to increase the number of liens filed.

*By the Court.*— The judgment of the circuit court is affirmed.