F. J. WILDNER *vs.* ROBERT FERGUSON and Garnishee.

November 30, 1889.

Garnishment—Findings of Fact.—Where a garnishee proceeding is to be determined on the disclosure alone, no supplemental complaint being filed, and no claim made by a third person, the statute does not contemplate any findings of fact.

Same—Exemption of Wages.—Whether one is a "laboring man or woman," within Gen. St. 1878, c. 66, § 310, exempting wages, is, the kind of work done being shown, a question of law, and not of fact.

Same—Who is a "Laboring Man."—That subdivision means only those whose work is manual. An agent who sells goods by sample is not within its meaning.

The Lillibridge Bremner Co. was summoned as garnishee of the defendant, Ferguson, in the municipal court of Minneapolis, and disclosed an indebtedness of $56.25. The court, on the disclosure, allowed defendant an exemption of $20, and rendered judgment for $36.25 against the garnishee, from which the defendant appeals.

*Noyes & McGee,* for appellant.

*R. M. Day,* for respondent.

GILFILLAN, C. J. This is a proceeding in garnishment, the debtor defendant appealing from the judgment of the court below against the garnishee defendant. The point made by appellant is that the debt reached by the garnishment, being for wages due the appellant, was exempt, under Gen. St. 1878, *c.* 66, § 310, subdiv. 11, as amended by Laws 1879, *c.* 5. After the court below had filed its decision, directing judgment for the plaintiff, the appellant requested it to find whether, at the times covered by the garnishment, the appellant was a laboring man, within the meaning of subdivision 11, and thereupon the court found as a fact that he was. The appellant claims that that finding is conclusive upon the point. There are two reasons why it is not so: *First.* That the statute regulating garnishments, as it allows judgment against the garnishee, on the disclosure alone, only when the full disclosure amounts to an admission of indebtedness, or of the possession or control of property, etc., of the defendant, does not contemplate a finding of facts as in ordinary actions. The disclosure is not the same as a trial of disputed facts in ordinary actions. Where issues are made on a supplemental complaint filed, and perhaps where a claim is made by a third person, a trial must be had as in a civil action, and, if the trial is by the court, it ought probably to state its findings of fact as in ordinary actions. Where the decision of the court below is upon the disclosure alone, it is that we must look to, and not to the court's statement of facts. *Second.* Where the occupation of the defendant is shown, whether he comes within the meaning of subdivision 11 is a question of law, and not of fact.

The appellant was agent for the garnishee, selling its goods by sample, driving about for that purpose with his own horse and buggy, receiving a weekly salary. Subdivision 11 exempts "the wages of any *laboring* man or woman, or of his or her minor children, in any sum not exceeding 20 dollars, due for services rendered by him or them for any person for and during ninety days preceding the issue of process," etc. All men who earn compensation by labor or work of any kind, whether of the head or hands, including judges, lawyers,

v.42m—8

bankers, merchants, officers of corporations, and the like, are in some sense "laboring men." But they are not "laboring men" in the popular sense of the term when used to refer to a man's employment, and that is the sense in which, we must presume, the legislature used the term. In *Wakefield* v. *Fargo*, 90 N. Y. 213, under an act making stockholders in a corporation liable for debts due "laborers, servants, and apprentices," for services performed for the corporation, the court construed the word "laborers" to refer to those whose services were manual or menial—those who are responsible for no independent action, but who do a day's work or stated job under the direction of a superior—and held that it did not include one who kept the accounts of receipts and disbursements, and, in the absence of the superintendent, had charge and control of the business. In *Jones* v. *Avery*, 50 Mich. 326, (15 N. W. Rep. 494,) it was held that a travelling salesman, selling by sample, did not come within the meaning of a constitutional provision making stockholders of a corporation liable for "labor debts" of the corporation. There are many cases holding that contractors, consulting or assistant engineers, agents, superintendents, secretaries of corporations, and livery-stable keepers, do not come within the meaning of the term. *Powell* v. *Eldred*, 39 Mich. 552; *Aikin* v. *Wasson*, 24 N. Y. 482; *Short* v. *Medberry*, 29 Hun, 39; *Dean* v. *De Wolf*, 16 Hun, 186; *Krauser* v. *Ruckel*, 17 Hun, 463; *Ericsson* v. *Brown*, 38 Barb. 390; *Coffin* v. *Reynolds*, 37 N. Y. 640; *Brusie* v. *Griffith*, 34 Cal. 302, (91 Am. Dec. 695;) *Dove* v. *Nunan*, 62 Cal. 399. We do not think the legislature intended the exemption to operate in favor of any but those who are laboring men or women in the sense that their work is manual. Persons of that class usually look to the reward of a day's labor for immediate or present support, and such persons are more in need of the exemption than any others. This debtor defendant is not within that class.

Judgment affirmed.