GEORGE H. SIGNOR

v.

GEORGE L. WEBB, ASSIGNEE.

*Insolvency—Salary of Employe—Petition for Preference.*

1. A bookkeeper is neither a laborer nor a servant in view of " An act

to Protect Employes and Laborers in their Claims for Wages" (3 Starr & C. Ill. Stats. 828), and the act concerning voluntary assignments, relating to preferred claims for wages (1 Starr & C. Ill. Stats. 1305).

2. Upon the petition of an ex-bookkeeper of an insolvent firm for the allowance of the balance due him upon the account of his salary as a preferred claim in his favor as a servant, this court holds that the claim for the full amount should be allowed to participate *pro rata* in the distribution of said insolvent estate, and that no part thereof should be paid him as a preferred claim.

[Opinion filed May 4, 1892.]

Appeal from the County Court of Cook County; the Hon. Frank Scales, Judge, presiding.

Messrs. Griffin & Wile, for appellant.

Messrs. Ullmann & Hacker, for appellee.

Shepard, J. The appellant was in the employ of the insolvent Ayres & Wygant Company as a bookkeeper, at a salary of $100 a month, and there was a balance of $300 due him for salary when the corporation failed and made its assignment to appellee.

Appellant thereupon petitioned the County Court for an allowance of the said balance of $300, as a preferred claim in his favor as a servant, in accordance with the provisions of the statutes of the State providing for preferring and first paying the wages of laborers and servants in cases of insolvency of the employer.

Upon a hearing of the petition the County Court found that there was due to appellant the full sum of $300 for wages due him as a laborer and servant of the insolvent corporation, and that of said sum appellant was entitled to be paid as a preferred claim the sum of $50, and no more.

To such finding appellant has assigned errors and appellee cross-errors.

It will not be necessary to consider the question argued by appellant's counsel as to what effect, if any, the act of

1887 (3 Starr & C. Ill. Stats. 828) entitled "An Act to Protect Employes and Laborers in their Claims for Wages" had upon Sec. 6 of the act of 1877, concerning voluntary assignments, relating to preferred claims for wages (1 Starr & C. Ill. Stats. 1305), for the reason that this court has already, in the case of Epps v. Epps, 17 Ill. App. 196, given an authoritative construction as to what classes of persons are included within the meaning of the words laborers and servants. The case referred to seems to have been overlooked by counsel on both sides of this case. It was: there decided that a traveling salesman and bookkeeper employed at a stated salary of $60 a month is neither a laborer nor a servant within the meaning of those words as used in the fourth section of the act in relation to the exemption of personal property, approved May 24, 1877 (1 Starr & C. Ill. Stats. 1113). That statute has in contemplation the benefit and protection of exactly the same class of persons whose rights are sought to be guarded by the previously mentioned acts of 1877 and 1887, and the decision precisely fits this case. From anything that appears in the arguments of counsel, we see no reason to, in the slightest degree, modify either the reasoning or the conclusion of this court in Epps v. Epps, *supra*.

This case is therefore reversed and remanded with directions to the County Court to modify the judgment appealed from so as to let the claim for the full amount allowed participate *pro rata* in the distribution of said insolvent estate, and to strike from said judgment the finding that the amount allowed is for wages as a laborer and servant of the insolvent corporation, and that the sum of $50, or any other sum, shall be paid, as a preferred claim. In all other respects the said judgment to stand affirmed.

*Reversed in part, affirmed in part and remanded.*