THE FIRST NATIONAL BANK OF NEWTON v. F. L. BRIGGS AND G. S. MILLER.

No. 163.

1. APPEARANCE—*general, cures defects in service.* The general appearance of the plaintiff to contest a motion to vacate an order of arrest, cures any defect in the notice by which the court obtains jurisdiction to hear and determine such motion.

2. ARREST AND BAIL—*upon hearing of application for arrest court should follow Code.* A court or judge, in allowing an execution against the person of a judgment debtor, can only consider such grounds therefor as are included in the affidavit required by section 507 of the Code.

3. ———— *order for arrest may be vacated.* A court or judge who allows an execution against the person of a judgment debtor, has the power to hear and decide a motion to vacate the order of arrest.

4. ORDER—*reason given for, no part of.* A statement made by a judge purporting to be a reason for his ruling, is no part of his order.

Error from Sedgwick Court of Common Pleas. Hon. Jacob M. Balderston, Judge. Opinion filed October 16, 1897. *Affirmed.*

*Peters & Nicholson* and *S. W. Shattuck, jr.,* for plaintiff in error.

*Stanley & Vermilion,* for defendants in error.

DENNISON, P. J. This action was commenced in the Court of Common Pleas of Sedgwick County, Kansas, by the First National Bank of Newton, Kansas, to recover a judgment against F. L. Briggs and G. S. Miller upon a promissory note executed by them and belonging to said Bank. Judgment was rendered against the defendants in the sum of $361.30, together with interest and costs. After the judgment was rendered, the plaintiff, by its attorney, applied to Hon. Jacob M. Balderston, the judge of said court, for an order allowing an execution upon said judgment against the person of the defendant F. L. Briggs. The application for such order recited :

"*First*, that said F. L. Briggs has property which she fraudulently conceals with the intent to prevent the collection of money due on the judgment ; *second*, that she has assigned or disposed of all or a part of her property with the intent to defraud her creditors including said plaintiff, said judgment creditor ; *third*, that she fraudulently contracted the debt upon which the judgment was rendered."

The application for an execution upon these three distinct and separate grounds was supported by the affidavit of the plaintiff's attorney and by other evidence. The affidavit of plaintiff's attorney, filed in support of the application, alleges :

"*First*, that said defendant F. L. Briggs has property which she fraudulently conceals with the intent to prevent the collection of money due on said judgment ; *second*, that said defendant F. L. Briggs has assigned or disposed of all or part of her property with intent to defraud her creditors including said plaintiff, said judgment creditor."

Upon the showing made, the application was granted, and the order of arrest was issued and delivered to the sheriff, who took the defendant F. L. Briggs

into custody and confined her in the county jail of Sedgwick County by virtue of such order. Thereafter, Miss Briggs filed a motion asking that the order of arrest be vacated, set aside and held for naught.

Upon the hearing thereof, the motion was sustained and the order of arrest set aside. The plaintiff saved proper exceptions and brings the case here, asking us to reverse the order of the said judge in sustaining the said motion and in setting aside the order of arrest.

The plaintiff presents in its brief and argues four specifications of error, which are as follows:

"1. That the court erred in overruling the objection of the plaintiff in error, made on April 11, 1891, at ten o'clock A. M., to the hearing, at that time and place, of the motion of the said defendant F. L. Briggs to vacate the order of execution and arrest against her person in said action; which objection was based upon the ground that no sufficient notice of said motion had been given to or served upon the said plaintiff in error by the said defendant F. L. Briggs, and that the notice of said motion which was served upon said plaintiff in error by said defendant did not state the place where said motion would be heard.

"2. That the court erred in overruling the objection of the plaintiff in error to the hearing of the motion of the said defendant F. L. Briggs to vacate the order of execution and arrest against her person in said action, and to the introduction of any evidence in support thereof; which said objection was based upon the ground that said motion did not state facts sufficient to entitle said defendant to the relief sought for by said motion or to any other relief.

"3. That the court below, having found as a fact, from the evidence introduced upon the hearing of the motion of said defendant F. L. Briggs to vacate the order of execution and arrest against her person in said action, and at the time the order was made by the judge of said court allowing said execution, that the said defendant had assigned or disposed of all or part of

her property with intent to defraud her creditors including said plaintiff, said judgment creditor, and having found as a matter of law that such fact would be sufficient in law to support an attachment against her property, erred in holding that such fact was not sufficient in law to support or authorize an execution against her person.

"4. That the court erred in making the order sustaining the motion of said defendant F. L. Briggs to vacate the order of execution and arrest against her person in said action, and vacating and setting aside the order made by the judge of said court on April 7, 1891, allowing the said execution against her person upon the judgment in said cause."

The first error complained of cannot be maintained by the plaintiff in error, for the reason that the general appearance of the plaintiff at the hearing of the motion cured any defects in the notice by which the court obtained jurisdiction to hear and determine such motion.

1. General appearance.

In support of the second specification of error, the plaintiff argues that the motion, which challenged the truth of the grounds stated in the affidavit, did not put in issue the third ground stated in the application, because said third ground was not included in said affidavit. This is not tenable, for the judge in allowing the execution could only consider such grounds as were stated in the affidavit required by section 507 of the Code. It is also contended in support of the second specification of error that as the motion to vacate was in the present tense, and as the affidavit was made upon the seventh day of the month, the execution served upon the eighth day, and the motion filed upon the ninth, the grounds set out in the affidavit might have been true upon the seventh though not true upon the ninth. The substantial rights of the plaintiff were not prejudiced by this seeming discrepancy between the affidavit

2. Arrest and bail.

688    BANK v. BRIGGS.

S. Dept.          Opinion.   Dennison, P. J.        6 Kan. App.

and the motion, as the evidence developed the fact that whatever was done by the defendant on or before the seventh day of the month, was also in existence upon the ninth.

It is also contended that, the judge having passed upon the truth of the grounds of the affidavit when the order was first made, the question is *res adjudicata*, and cannot again be inquired into upon a motion to vacate the order of execu-

2. Order of arrest vacated.

tion and arrest against Miss Briggs's person. A court or judge who allows an execution against the person of a judgment debtor has the power to hear and decide a motion to vacate the order of arrest ; and if he is satisfied that a preponderance of the evidence is in favor of the defendant, he should vacate the order.

The third specification of error is based upon the following statement contained in the case-made attached to the petition in error filed herein :

4. Reason for ruling no part of order.

"Thereupon the said court, in announcing its decision upon said motion, by said Jacob M. Balderston, judge of said court, stated that it believed from the evidence above set forth, that at the time said order was made by said judge allowing said execution against the person of said defendant F. L. Briggs, as aforesaid, the said defendant F. L. Briggs had assigned or disposed of all or a part of her property with intent to defraud her creditors including said plaintiff, said judgment creditor ; and that such fact would be sufficient in law to support an attachment against the property of said defendant F. L. Briggs, but that such fact was not sufficient in law to support or authorize an execution against her person ; and that, if debtors could be arrested and imprisoned on execution against the person on such ground, the county jails of this State would not be large enough to accommodate such debtors."

This is no part of the journal entry of judgment,

nor does it purport to be a finding of fact made by the court. On the contrary, it purports to be the reason given by the court for the ruling it made. The court in this case was not required to give a reason, and the rights of the defendant were not jeopardized because it gave an incorrect one.

The fourth assignment of error is, that the court erred in sustaining the motion to vacate the order of arrest. This assignment is based upon the points already decided in this `opinion and also upon the contention that the preponderance of the evidence establishes the .truth of the affidavit. Oral and other evidence was introduced upon the hearing of the motion, and we see no sufficient reason for reversing the ruling of the court thereon.

The judgment of the trial court is affirmed.