[No. 16686.  Department Two.  January 19, 1922.]

S. C. BROWN, *Plaintiff*, v. WILCOX LUMBER & LOGGING
COMPANY, *Defendant*.

WM. H. PRATT, *as Receiver of Wilcox Lumber &
Logging Company, Appellant*, v. W. A.
WILCOX, *Respondent*.[1]

CORPORATIONS (227) — INSOLVENCY — CLAIMS AGAINST RECEIVER —
PRESENTATION.  Where a director and manager performs services for
his corporation clearly outside his duties as such officer on the
understanding with the other corporate officers that he is to be
compensated therefor, he has a valid claim against the corporation
for such services.

SAME (227)—RECEIVERS (66)—PREFERRED CLAIMS—NECESSITY OF
PRESENTING.  Under Rem. Code, § 1153, providing that, in receiver-
ship proceedings, all claims for which a lien could be filed shall have
preference over other claims, the inchoate right of lien existing at
the time a receiver is appointed matures at once without the neces-
sity of the filing of the lien claim.

Appeal from a judgment of the superior court for
Pierce county, Clifford, J., entered May 7, 1921, allow-
ing a claim against a receiver, after a hearing before
the court.  Affirmed.

*Wm. H. Pratt,* for appellant.

*Charles Bedford,* for respondent.

MAIN, J.—This is an appeal from an order allowing
the claim of one W. A. Wilcox against the receiver of
the Wilcox Lumber and Logging Company, an insolv-
ent corporation.  The insolvent company was organ-
ized for the purpose of engaging in the logging and
saw-mill business.  Soon after the completion of the
mill, it was destroyed by fire.  In November, 1919, the
corporation being then insolvent, a receiver was ap-
pointed.  In the course of administration, both general

[1]Reported in 203 Pac. 949.

and preferred claims were allowed. During the year 1920, sufficient of the assets were converted into cash to enable the appellant as receiver to pay the preferred claims in full, and subsequently a dividend of twenty-five per cent was paid on general claims. On February 12, 1921, the respondent Wilcox filed with the receiver the verified claim for labor for $250 a month for the time commencing with April, 1919 and ending with October of that year, asking that it be allowed as a preferred claim. The receiver rejected the claim, both as a preferred and as a general claim, and later a hearing was had before the superior court and the claim was allowed as one preferred. From this order, the receiver appeals and makes two principal contentions:

First, that the trial court erred in allowing the claim at all; and second, that, if allowed, it should be only a general and not a preferred claim. The first objection to the allowance of the claim is that, at the time the services for which it was made were alleged to have been performed, the respondent was president and the managing officer of the corporation, and that he did not do anything which was clearly outside his ordinary duties as a director and manager. Before the claim of the director can be allowed against the assets of an insolvent corporation which is in the hands of a receiver, it must be established by a clear preponderance of the evidence, first, that the services were clearly outside of the ordinary duties as director; and, second, that they were performed under circumstances sufficient to show that it was well understood by the corporate officers as well as himself that the services were to be paid for by the corporation. *Burns v. Commencement Bay Land etc. Co.*, 4 Wash. 558, 30 Pac. 668, 709; *Dial v. Inland Logging Co.*, 52 Wash. 81, 100 Pac. 157. Recourse must, therefore, be had to the rec-

ord to determine whether the respondent has brought himself within the rule stated. The evidence shows, referring to the matter of compensation of the directors, the following:

"A. No, none of us; for actual services, and my services,—I did not confine my services as a director or as manager; wherever I saw I was needed,—I kept the books and did the business, rustling logs and helping raft logs, or build roads or anything. Q. You worked just as any other man? A. Yes, sir."

This evidence shows that the services rendered by the respondent were clearly outside of his ordinary duties as director and manager. It was no part of his duty as manager and director to engage in "rustling logs and helping raft logs and build roads or anything." As to whether it was understood by the corporate officers that compensation was to be allowed, the evidence shows that no salaries were to be allowed or drawn until the mill was completed; but that, after this, the officers doing work which was clearly outside the other duties as such officers were to be compensated at the usual and ordinary rate for such services. Upon this branch of the case, it must be held that the respondent was entitled to a claim.

The next question is whether that claim was properly allowed by the trial court as one preferred. It is asserted by the appellant, and admitted by the respondent, that, if the claim is entitled to a preferred rank, it must be one for which the lien could have been claimed. No claim of lien was filed, but it is the position of the respondent that, when the receiver was appointed, the inchoate right of lien which existed at that time was matured. Section 1153 of Remington's 1915 Code (P. C. § 9741), provides that:

"Whenever a receiver or assignee is appointed for any person, company or corporation, the court shall

require such receiver or assignee to pay all claims for which a lien could be filed under this chapter, before the payment of any other debts or claims, other than operating expenses."

This is one of the sections of the chapter entitled "liens of employees." In *Olsen v. Smith*, 84 Wash. 228, 146 Pac. 572, with reference to this statute it was held that a laborer's lien would be "matured by the property owner's assignment or passage into the receivership within that period (ninety days), [and] is entitled to preference over the lien of the mortgage." The case of *Brown v. Hunt & Mottet Co.*, 111 Wash. 564, 191 Pac. 860, is not in point because the court was there considering a section of chapter 3 of title VIII of Remington's 1915 Code which had to do with the liens of materialmen. In that chapter there is no provision such as that above quoted which provides that, on the appointment of a receiver, all claims for which a lien "could be filed" shall be paid before other debts or claims other than operating expenses. It is argued, however, that the liens referred to in the statute as those which could be filed are those which could have been filed at the time the claim was presented to the receiver; but we think this is not the correct construction. The language of the statute undoubtedly refers to liens which were capable of being filed had the claimant elected to do so within the time allowed by statute. The claim of the respondent, being one for which he could have filed a lien, became a preferred claim upon the appointment of the receiver.

The judgment will be affirmed.

PARKER, C. J., HOLCOMB, and HOVEY, JJ., concur.