[No. 17161.   Department Two.   September 23, 1922.]

PUGET SOUND LOG SCALING & GRADING BUREAU, *Respondent*, v. DANAHER LUMBER COMPANY *et al.*, *Defendants*, SEATTLE MILL & LOGGING COMPANY, *Appellant*.[1]

LOGS AND LOGGING (23-1, 25)—LIENS—PERSONS ENTITLED—SERVICES IN SCALING LOGS—STATUTES—CONSTRUCTION. Rem. Comp. Stat., § 1162, giving a lien to every person performing labor upon or who shall assist in obtaining or securing saw logs, does not entitle a log scaler to a lien on logs for scaling them, in view of Rem. Comp. Stat., § 8369, giving the state log scaler a lien upon all logs scaled by him.

Appeal from a judgment of the superior court for King county, Frater, J., entered December 5, 1921, upon findings in favor of the plaintiff, in an action to foreclose a logger's lien, tried to the court.   Reversed.

*Shank, Belt & Fairbrook,* for appellant.
*Byers & Byers,* for respondent.

MAIN, J.—The purpose of this action was to recover for services in the scaling of logs.

The defendants are the receivers for the Danaher Lumber Company, a corporation, and the Seattle Mill

[1]Reported in 209 Pac. 530.

& Logging Company, a corporation. The trial before the court without a jury resulted in findings of fact, conclusions of law and judgment sustaining the right to recover in the sum of $503.23. From this judgment, the Seattle Mill & Logging Company appeals.

The respondent was a corporation engaged in log scaling and grading. It had a contract with the Danaher Lumber Company to scale and grade all logs which should be boomed by that company. During the early part of the year 1921, at the request of the lumber company, it scaled booms of logs, for which recovery is sought in this action. Afterwards the logs were sold and transferred to the Seattle Mill & Logging Company, and by that company sawed into lumber. Within the time provided by the statute, the respondent filed two claims of lien for the scaling and grading, one for the logs which were cut in Snohomish county, and the other for the logs which were cut in Kitsap county.

When the request came from the lumber company to scale the logs, the respondent caused two of its employees to go out for that purpose. In scaling and grading logs, one man goes upon the raft and measures the larger and smaller end of each log and calls these measurements to his assistant, who enters them in a book. The scaler also examines the log for the purpose of determining its quality and fixing its grade. After he determines the grade, this is communicated to the other man and is likewise entered in the book. After the boom of logs is completely gone over in this way, the book in which the dimensions and quality are entered is returned to the office. A computation is made to determine the number of feet of each quality of lumber in the raft. This is rechecked in the office and, if found to be correct, a certificate is issued which shows the number of feet and the quality.

The controlling question in this case is whether a lien exists for services so rendered in scaling logs. The statute, Rem. Compiled Stat., § 1162, provides:

"Every person performing labor upon, or who shall assist in obtaining or securing sawlogs, . . . shall have a lien upon the same for the work or labor done upon, or in obtaining or securing, . . . in said claim of lien described, whether such work, labor or services was done, rendered or performed at the instance of the owner of the same or his agent. The cook in a logging camp shall be regarded as a person who assists in obtaining or securing the timber herein mentioned."

This statute, as originally passed, was designed to afford protection to laborers who gain their livelihood by manual toil, and who might be imperfectly qualified to protect themselves. Since the statute, as it appears in the code of 1881, was passed, it has been amended a number of times and broadened to include classes not originally coming within its terms. It will be noticed that the statute provides that every person performing labor upon, or who shall assist in obtaining or securing saw logs, shall be entitled to the lien. It is plain that a scaler is not one who assists in obtaining or securing saw logs, as they were already obtained and secured and in the boom when the scaling and grading took place. The question, then, narrows to whether a scaler is included within the meaning of "every person performing labor upon." The purpose of the scaling was not to change the character of the logs in any particular; they are in exactly the same state after being scaled as before. In effecting the sale of the boom, the scale caused to be made by the owner thereof may be accepted by the purchaser and thus avoid re-scaling. The value of the scale, to a large extent, depends upon the ability of the scaling company to make a scale and

grading which will correctly and reliably indicate the number of feet and the quality of the logs. This exact question has not previously been before this court, and, so far as we are advised, has not been determined by any other court under a like statute or one closely similar.

An analogous case is that of *Daugherty v. Gunther,* 88 Wash. 378, 153 Pac. 336, where it was held that a surveyor was not entitled to a lien under a statute which gives a lien to one who "clears, grades, fills in or otherwise improves the same, or any street or road in front of, or adjoining the same." Rem. Compiled Stat., § 1131. This was because the surveyor did not come within the clause, "otherwise improves the same." The work of a surveyor upon realty is often as essential as a preliminary to the effecting of a sale thereof as is the work of a scaler upon logs. If the one does not improve the realty, it cannot be said that the other performs labor upon the logs. In neither is the character of the thing changed. The statute gives a lien to a cook in a logging camp. In *Akers v. Lord,* 67 Wash. 179, 121 Pac. 51, it was held that one who runs a boarding house, furnishing all supplies for meals at so much per week to men engaged in logging, was not entitled to a lien as a cook, because the boarding house owner was not one recognized by the statute as performing labor or rendering services. The case of *Kline v. Comstock,* 67 Wis. 473, 30 N. W. 920, cited by the respondent, is not controlling because in that case it was conceded that the plaintiff had a lien for the amount of his services as a scaler. The case of *Meands v. Park,* 95 Me. 527, 50 Atl. 706, cited by the appellant, is not in point because the statute of the state of Maine, then being construed, was not so closely similar to the statute of this state as to make the hold-

ing in that case an authority upon the question here presented.

At the legislative session for the year 1897 (Laws of 1897, pp. 99, 103, §§ 2, 8), a statute was passed (Rem. Comp. Stat., §§ 8364, 8369), which provides for a state log scaler, and in the event his services were not paid for, giving him a lien upon all logs scaled. If the statute here being construed gave the log scaler a right of lien, it would have been unnecessary for the legislature in that act to have expressly provided a lien for the state log scaler, because he would have been included in the same right to a lien without that provision as was any other scaler, if such right existed. To hold that every person performing labor upon logs includes the services of one scaling them would extend the statute beyond the meaning of the words used, and, as we believe, beyond the legislative intent. It would be to bring within the statute a class of persons which the legislature has not placed there.

The result is that the respondent in this case did not have a right to a lien, and therefore had no right to recover against the appellant, to whom the logs had been sold after they were scaled.

The judgment will be reversed, and the cause remanded with directions to the superior court to dismiss the action.

PARKER, C. J., HOLCOMB, MACKINTOSH, and HOVEY, JJ., concur.