[No. 17357.  Department Two.  April 4, 1923.]

J. B. CAVANAUGH et al., Plaintiffs, v. ART HARDWARE &
MANUFACTURING COMPANY, Defendant.

WALTER N. RICHARDS, as Receiver etc., Appellant, v.
S. L. LEWIS, as Assignee etc., Respondent.

APPEAL (218)—NOTICE OF APPEAL—PARTIES TO BE SERVED.  A receiver's appeal from an order allowing a preference to certain claimants need be served only on all parties appearing in the contest proceedings whose interests are affected thereby.

SAME (83)—RIGHT TO APPEAL—RECEIVERS.  A receiver representing aggrieved creditors has a right to appeal from an order allowing a preference to certain claimants.

SAME (200)—BONDS—SURETIES—SUFFICIENCY—DISMISSAL.  A receiver's appeal cannot be dismissed because the surety on the appeal bond is the same surety who appears on the receiver's bond; especially since Rem. Comp. Stat., § 1730-9, provides that the remedy is to move for a new bond.

MASTER AND SERVANT (18)—LIEN FOR LABOR—PREFERENCES.  Rem. Comp. Stat., § 1149, giving a preference to every person performing "labor" for specified companies performed within six months from filing his claim, excludes a lien for the services of a bookkeeper and of a salesman; but includes the services of one who acted as a foreman of the shop, working as laborer and receiving pay only for manual labor.

MASTER AND SERVANT (18)—CORPORATIONS (228) — LIENS FOR LABOR—PREFERENCES.  A director and manager of a corporation does not sustain such a relation to the company that he is not entitled to a preferred claim for "labor" under Rem. Comp. Stat., § 1149, where he performed manual services clearly outside his regular duties as an officer.

Appeal from an order of the superior court for King county, Griffiths, J., entered March 4, 1922, adjudging the priority of claims against an insolvent corporation, after a hearing before the court.  Reversed.

¹ Reported in 214 Pac. 152.

*Bausman, Oldham, Bullitt & Eggerman* (*Arthur E. Simon* and *Walter L. Nossaman*, of counsel), for appellant.

*Geo. B. Cole* and *John Wesley Dolby*, for respondent Lewis.

*G. F. Vanderveer*, for respondent E. L. Jones.

*Van C. Griffin, amicus curiae.*

FULLERTON, J.—The Art Hardware & Manufacturing Company, a corporation, was adjudged insolvent at the suit of certain of its creditors, and a receiver was appointed of its assets and property. The receiver, pursuant to an order of the court appointing him, gave notice to the creditors of the corporation for the presentation of claims, and among those presented were claims of certain officers of the corporation for labor performed by them for the corporation within six months next preceding the adjudication of insolvency. The claims were presented as claims preferred over the claims of the general creditors, but the receiver refused to recognize them as such, although offering to allow them as general claims. The dispute was submitted to the court appointing the receiver, and it ruled that the claims were entitled to be classed among the preferred claims. This appeal is from the order so classifying them.

The business in which the corporation was engaged is not very clearly depicted in the record, but enough is shown to indicate that it was engaged in the manufacture from raw material of certain finished articles, such as automobile accessories, patent brushes and brass fixtures, and that in its work it employed both skilled and common labor. One of the claimants held the office of president of the corporation, but performed the services of bookkeeper for the concern, and it is

for this service his claim is made; another was a trustee of the corporation, and acted as manager and general superintendent of the workshop, and worked on the lathes as an ordinary mechanic, and claims for his services in that behalf; the third was the secretary of the corporation, who acted as salesman for the concern, visiting the trade in the city of Seattle, as well as in certain of the neighboring cities, and claims for his services as such salesman. It is not contended on this appeal that the services for which the claims were made were not performed by the several claimants, nor is it contended that the services were not performed within the six months' period, nor contended that the amounts claimed are not justly due from the corporation, but it is contended that the claims are not entitled to preference.

The respondents have moved to dismiss the appeal, assigning as reasons, insufficient service of the notice of the appeal, want of capacity to appeal in the appellant, and an insufficient bond. While extended arguments have been made on each of the propositions, our discussion of them will be brief. The notice of appeal was served on all persons appearing in the contest proceedings before the superior court whose interests are affected thereby. This is sufficient. *Jensen v. Angeles Brewing & Malting Co.,* 87 Wash. 392, 151 Pac. 825; *Gust v. Judd,* 88 Wash. 536, 153 Pac. 309.

The appeal is by the receiver, and it is contended that he, being an officer of the court appointing him, cannot appeal from the court's orders respecting the order in which claims against his insolvent shall be paid, since he has no interest therein and is not aggrieved thereby. But the receiver appealed as the representative of the general creditors, who are aggrieved by the order of the court, and his appeal has

the direct sanction and approval of the court making the order. This court has entertained an appeal by a receiver under similar circumstances. See *Pickering v. Richardson*, 57 Wash. 117, 106 Pac. 614, and *Brown v. Wilcox Lumber & Logging Co.*, 118 Wash. 336, 203 Pac. 949. In the first of these cases we said:

"A motion is made to dismiss the appeal, for the reason, as it is alleged, that a receiver has no right of appeal. In some cases, as for instance from an order distributing the funds of the estate, it is usally held that a receiver has no right of appeal; but where the duty is put upon him of defending the assets of the estate or protecting it from unwarranted or unlawful claims, we do not understand that this right has ever been denied. Alderson, Receivers, § 246; Beach, Receivers, §§ 295, 296; *Bosworth v. Terminal R. Ass'n*, 80 Fed. 969; *Felton v. Ackerman*, 61 Fed. 225; 17 Ency. Plead. & Prac., 874."

The objection to the appeal bond is that it is executed by the same surety who appears on the receiver's official bond. But there was no judgment against the surety below, and the appeal is in no sense an appeal from a judgment on which the surety is already bound, as was the fact in the case of *David v. Guich*, 30 Wash. 266, 70 Pac. 497, on which the respondent relies. The sole question open to the respondent on this score is the sufficiency of the surety, and this they do not question. However, were the fact otherwise, the remedy of dismissal would not be open to the respondent. Under § 1730-9 of Rem. Comp. Stat., enacted since the decision cited was rendered, the remedy is to move for a new bond where the one given is defective by reason of insufficient sureties. Dismissal would follow only upon a refusal by the appellant to supply a proper bond after opportunity was given him so to do. We therefore conclude there is no just ground for dismissing the appeal.

On the merits of the controversy the appellant makes two contentions; first, that the character of the services rendered by the claimants was not such as to fall within the purview of the statutes granting priority; and second, that, regardless of the nature of the services, the claimants occupied such a relation to the corporation as to render the statute inapplicable as to them.

The statute under which the respondent claims is found at § 1149, Rem. Comp. Stat., and reads as follows:

"Every person performing labor for any person, company or corporation, in the operation of any railway, canal or transportation company, or any water, mining or manufacturing company, sawmill, lumber or timber company, shall have a prior lien on the franchise, earnings, and on all the real and personal property of said person, company or corporation, which is used in the operation of its business, to the extent of the moneys due him from such person, company or corporation, operating said franchise or business, for labor performed within six months next preceding the filing of his claim therefor, as hereinafter provided; and no mortgage, deed of trust or conveyance shall defeat or take precedence over said lien."

It will be observed by the express language of the act the lien is given to one performing "labor" for the persons and concerns named therein, and the controlling question is whether the service performed by the several claimants was labor within the meaning of that term. It is the contention of the appellant that it is not. They argue that the term "labor", in legal phraseology, has a well defined and accepted meaning; that it implies manual exertion of a toilsome nature, exertion of muscular force producing weariness, and is without application to those performing clerical ser-

vices, or services requiring skill rather than muscular effort.

The authorities, while not altogether harmonious, seem to sustain the appellant's definition of the term. In *Meands v. Park*, 95 Me. 527, 50 Atl. 706, this language is used:

"The statute giving a lien to those who 'labor' at cutting or hauling logs was obviously designed to afford protection to common laborers who gain their livelihood by manual toil, and who may be imperfectly qualified to protect themselves. The word 'labor' was undoubtedly employed by the legislature in its limited and popular sense, to designate this class of workmen who labor 'with physical force in the service and under the direction of another for fixed wages.' *Rogers v. Dexter and Piscat. R. R. Co.*, 85 Maine, 374. And such is the primary or specific lexical meaning uniformly assigned to the word 'labor'. Says Webster: 'One who labors in a toilsome occupation; a person that does work that requires strength rather than skill, as distinguished from that of an artisan.' The Standard Dict: 'One who performs physical or manual labor, especially one who for hire performs any physical labor requiring little skill or accuracy.' The Century Dict: 'Specifically, one who is engaged in some toilsome physical occupation; in a more restricted sense, one who performs work which requires little skill or special training, as distinguished from a skilled workman.' See Am. and Eng. Enc. of Law, Vol. 12, p. 532, and Vol. 23, p. 872.''

In *Moore v. America Industrial Co.*, 138 N. C. 304, 50 S. E. 687, it is said:

"Words used in legislation which have a technical meaning are supposed to be used in that sense. Worcester defines a laborer to be one who labors; one regularly employed at some hard work. Webster defines a laborer to be one who labors in a tiresome occupation; one who does work that requires little skill, as distinguished from an artisan. In Georgia a laborer has been adjudicated to be one who performs

manual labor. *Adams v. Goodrich,* 55 Ga. 335. To the same effect is *Hebener v. Chave,* 5 Pa. St. 117. These cases are cited and approved by this Court in *Whitaker v. Smith,* 81 N. C. 340. See, also, *Cook v. Ross,* 117 N. C. 195. A bookkeeper is not a laborer and does not come within the act giving a laborer a lien for his services. *Nash v. Southwick,* 120 N. C. 459. A clerk or bookkeeper is not a laborer. *Cole v. McNeil,* 99 Ga. 250; *Epps v. Epps,* 17 Ill. 196. One who acted as general manager, superintendent and bookkeeper and clerk is not a laborer. *Wakefield v. Fargo,* 90 N. Y. 214; *Coffin v. Reynolds,* 37 N. Y. 640. There are innumerable cases in which the terms labor and laborer have been confined to such services as were rendered by manual labor. *Holy Trinity Church v. U. S.,* 143 U. S. 464; *Winder v. Caldwell,* 14 How. (N. Y.) 434; *Parker v. Bell,* 7 Gray (Mass.) 429; *Brockway v. Inniss,* 39 Mich. 47; *Wildner v. Ferguson,* 42 Minn. 112; *Farinholdt v. Lockhard,* 90 Va. 938.''

So in the note to the case of *Williams v. Alcorn Electric Light Co.,* 98 Miss. 468, 53 South. 958, Ann. Cas. 1913B 137, where many cases are collected in support of the rule, it is said:

''The courts in defining the word 'labor', as used in the lien acts, have generally adopted substantially the dictionary definition of a laborer, as one who works at a toilsome physical occupation—a man who does work requiring little skill or special training, as distinguished from a skilled workman.''

Our recent case of *Puget Sound Log Scaling & Grading Bureau v. Danaher Lumber Co.,* 121 Wash. 309, 209 Pac. 530, also has bearing. In that case we held that a log-scaler was not entitled to a lien upon logs scaled by him, under a statute granting liens to persons who perform labor upon or who assist in obtaining or securing saw logs, using this language:

''This statute, as originally passed, was designed to afford protection to laborers who gain their livelihood

by manual toil, and who might be imperfectly qualified to protect themselves.''

On the more specific questions, it is held in the following cases that a bookkeeper is not entitled to preference under a statute granting preference rights to laborers: *Cole v. McNeill,* 99 Ga. 250, 25 S. E. 402; *Wakefield v. Fargo,* 90 N. Y. 213; *Milligan v. San Antonio & G. S. R. Co.,* 46 S. W. (Tex. Civ. App.) 918; *Cochran v. Baker Co.,* 30 Misc. Rep. 48, 61 N. Y. Supp. 724; *Signor v. Webb,* 44 Ill. App. 338.

So in the following cases it is held that a traveling salesman is not a laborer, under a statute granting preference rights to laborers: *Jones v. Avery,* 50 Mich. 326, 15 N. W. 494; *Briscoe v. Montgomery,* 93 Ga. 602, 20 S. E. 40; *Wildner v. Ferguson,* 42 Minn. 112, 43 N. W. 794; *Blessing v. Blanchard,* 223 Fed. 35; *In re Crawford Woolen Co.,* 218 Fed. 951.

That the term ''labor'', as used in the lien statute in question, was intended to be confined to its more common and restricted meaning, we think is evidenced when the correlative statutes are examined. In instances where it has seemed desirable to confer the right of lien upon others than mere laborers, appropriate terms have been used to express the idea. For example, the statute (§ 1162, Rem. Comp. Stat.) giving a lien upon saw logs and timber products to those who perform labor thereon, specially enumerates the persons entitled to the lien, mentioning even the cook in the logging camp. So in the statute granting liens upon farm crops (§ 1188, Rem. Comp. Stat.) the recital is, ''any person who shall do labor . . . as laborers, contractors, or otherwise;'' and in § 1204, Rem. Comp. Stat., the lien is granted to ''mechanics, salesmen, servants, clerks or laborers.'' Seemingly, were it thought that the specific term ''laborers'' in-

cluded the others, no specific mention would have been made of such others. In the statute now before us, it will be remembered the lien is confined to those performing labor, and it is our conclusion that the term should be given its common meaning.

This conclusion will exclude the bookkeeper and the claimant who performed services as a salesman. The claimant who acted as foreman of the shop and worked as a laborer therein, we think, stands upon a different footing. As we understand the record, he was not paid for his services as foreman, but only for the manual labor performed by him. For these services we think he is entitled to a preferred lien.

This conclusion as to this claim renders pertinent the second contention made by the appellant, but we think the objection is answered by our holding in the case of *Brown v. Wilcox Lumber & Logging Co.*, 118 Wash. 336, 203 Pac. 949. In that case we held that, where a director and manager of a corporation performs manual services for the corporation clearly outside of his duties as such officer, he has a valid, preferred claim for such services.

The judgment is reversed, and the cause remanded with instructions to disallow the claims of the bookkeeper and salesman as perferred claims. Neither of the parties will recover costs on this appeal.

MAIN, C. J., PARKER, and TOLMAN, JJ., concur.